## JAMES B. STEWART *v.* PRUETT and WILLIAMS.

Where joint trespassers have been permitted to sever in their answers, and separate verdicts
  have been rendered against each, the court cannot enter up a judgment against them *in
  solido.* The judgment must follow the verdict. C. P. 541.

An objection that the jury did not write their verdict on the petition cannot be made in the
  Supreme Court. If important, the error should have been corrected in the district court.

The assignment of a reason in writing out the verdict of a jury, does not vitiate the verdict.

In an action of damages for a trespass, in which the plaintiff had sued out an injunction
  against the defendants, the violation of the injunction by continuing the trespass, is a just
  reason for increasing the damages.

APPEAL from the District Court of Morehouse, *Copley*, J. *D. Newton*, for
plaintiff. *Robertson* and *Boatner*, for defendants. The judgment of the
court was pronounced by

PRESTON, J. The plaintiff sued the defendants for damages for trespass, in
disturbing him in the possession of some lumber, in the town of Bastrop. He
obtained an injunction against their acts, and complained in a supplemental peti-
tion, that they were violating the injunction, and the fact appeared, especially as
to *Pruett*, by the sheriff's return.

The defendants severed in their answers, but each plead that the suit had been
settled, with some other immaterial matters. They severed, also, in the trial of
the case, and a verdict was rendered against *Wilkins* for twenty-five dollars, and
against *Pruett* for fifty dollars damages, and for violation of the law, fifty dollars.
The district court allowed the severance in the trial, and yet entered up a judg-
ment *in solido* against the defendants, for one hundred and twenty-five dollars
and costs.

This is assigned as error, and we think the assignment must prevail. The ver-
dicts are general, and the Code of Practice expressly requires, that judgment
should be given pursuant to the verdict. Article 541. The defendants were un-
doubtedly liable, *in solido*, for their joint trespass, but for some reason, which
does not appear in the record, they obtained separate trials, and the juries, for
some cause, fixed different liabilities for each, by separate verdicts. The rule of
law, that the judgment must follow the verdicts, must prevail.

Many other errors have been assigned, which we have carefully examined,
and think they cannot prevail in this court, as that the verdict against one of the
defendants was not written on the petition. If important, it should have been
corrected in the district court. So the jury gave a reason for part of their verdict
against one of the defendants. It was unnecessary; but *utile per inutile non
vitiator*. It is said, the reason given "for the violation of law" is bad. On the
contrary, the plaintiff having taken the legal and civil remedy of an injunction,
to arrest the injuries which the defendants were causing him, the violation of the
injunction, by continuing the trespass, was an aggravation of the injuries, and a
just reason for increasing the damages.

Motions for new trials were made and overruled, no bills of exception were
taken, the case comes up without evidence in writing, or statement of facts. We
are thus unable to judge, whether the newly discovered evidence was a sufficient
ground for a new trial or not. One of the defendants swears, that the jury did not
believe his witness to material facts, and that he had discovered another witness

to the same facts. The newly discovered testimony was therefore merely cumulative, and would not be a ground for a new trial, unless, perhaps, under very extraordinary circumstances.

The judgment of the district court is reversed, at the costs of the appellee, and it is decreed, that the plaintiff recover from *Mitchell J. Wilkins*, twenty-five dollars, and from *Adam Pruett* one hundred dollars, and that the defendants be condemned, *in solido*, to pay the costs of the district court.