# Berry *et al. v.* Ferguson *et al.*

### *Certiorari—Consolidation of Suits.*

1. *Consolidation of suits; when properly ordered.*—Separate suits before a justice of the peace, between the same parties on promissory notes apparently given in the same transaction, are properly consolidated in the City Court, when brought there by *certiorari* upon a single petition and bond.

2. *Amendment; what properly allowed.*—A complaint may be amended by adding new parties plaintiff, and striking out the names of others, so long as there is not an entire change of parties.

3. *Plea, denying ownership of cause of action; requisites of.*—A plea denying plaintiff's ownership of the cause of action, must be direct and positive; and though in some instances affidavit of its truth may be made on information and belief, the qualification must be made in the affidavit, and not in the plea; if made in the plea, it is insufficient and properly stricken from the files.

APPEAL from City Court of Selma.
Tried before Hon. JONA. HARALSON.

The appellants, Berry and Evans, were sued before a justice of the peace, on the same day, in three several suits, on promissory notes made by them on the 30th day of September, 1869, payable respectively on the first day of April, July and October following, "to J. M. Dedman as administrator of Hugh Ferguson." Each of these notes was for $37.50. In the proceedings before the justice the plaintiffs are stated to be "Thos. C. Ferguson, Emily Ferguson, P. D. Barker, *et*

[Berry et al. v. Ferguson et al.]

*al.*, heirs of Hugh Ferguson." No defense was made before the justice, who rendered judgment in each case against the defendants. The appellants included all the cases in one petition, and gave but one *certiorari* bond, to take all the cases to the City Court. Neither party having demanded a jury, the case was tried by the court, which, on motion of the plaintiffs, against the objection and exception of defendants, consolidated the suits.

The bill of exceptions recites that the plaintiffs then asked leave of the court to amend the several complaints in the three causes before the justice of the peace, by adding the names of Joseph Ferguson, Gray C. Ferguson, John J. Ferguson, Ann Eliza McCord, wife of Russell McCord, Ella Robertson, wife of Richard M. Robertson, Joanna Barker, wife of P. D. Barker, as parties plaintiff, and to strike out the name of P. D. Barker in said several complaints before the justice," which motion the court allowed, against the objection and exception of the defendants.

"The plaintiffs then asked leave to file an amended complaint in the cause, which motion the court allowed, and said complaint was accordingly filed, and defendants excepted." The amended complaint contained the names of the new parties as plaintiffs, omitting the name of P. D. Barker; averred that the interest of the *femmes covert* constitute part of their separate estate, &c., and that the notes declared on were the property of the plaintiffs.

After this the defendants pleaded non-assumpsit, and a special plea as follows: "The defendants, for answer to said complaint, say that the plaintiffs in this suit are not the owners of the note declared on in said complaint, to the best of his knowledge, information and belief." This plea was sworn to and subscribed by one of the defendants before the clerk of the court, and afterwards, on motion of the plaintiffs, was stricken from the files, on the ground that it was not verified as required by law. The defendants excepted to this action of the court. The court, after hearing the evidence, rendered judgment for the plaintiff, and defendants appealed.

The consolidation of the suit, the allowance of the amendments, and the striking of the plea from the files, are now assigned as error.

SUMTER LEE, for appellants.

MORGAN, LAPSLEY & NELSON, *contra*.

MANNING, J.—1. There was no error in consolidating in

the City Court, the three separate actions brought before the justice of the peace, and removed thence together by *certiorari* upon a single petition of these appellants, and one bond executed by them, into the City Court. The parties to each of the actions were the same; the notes upon which they were founded are all of the same date; and they appear to have been given in the same transaction.

2. The statute of jeofails authorizes, according to the construction given to it in several cases, the amendment of a complaint by the addition of new parties plaintiff, and the striking out of the names of others, provided there be not an entire change of the parties. There was no error in allowing the amendments made in the present cause.

3. The writing put in as a special plea, that the ownership of the notes was not in the plaintiffs, is, in fact, a mere affidavit, setting forth in the body of it that the allegation therein is true, "to the best of [the] knowledge, information and belief" of affiant, one of the defendants. Such a writing is not a plea. The averments of a plea must be direct and positive. In some instances, when an affidavit of the truth of the averments in a plea must be made, it may be qualified by a statement of the information and belief of the affiant. But such qualification in the plea itself, makes it wholly insufficient. This writing was, therefore, properly disallowed as a plea, and it was correctly ordered that it be taken from the files.

Let the judgment of the City Court be affirmed.