## BROOKS vs COLLIER, ET AL.

## Opinion delivered October 9, 1900.

*1  Slander—Can be No Joinder of Plaintiffs in an Action for.*

Where two brothers are joined as plaintiffs in an action for slander a demurrer to the complaint should have been sustained, for there can be no joinder of plaintiffs in an action of this nature.

*2.  Verdict—Cannot be Reduced by Judge to Conform to Amendment of Complaint.*

In an action for slander, after the commencement of the action a brother of complainant was added as a party plaintiff; verdict of the jury was rendered for $500.00. With motions for new trial and in arrest of judgment pending, undisposed of, the court, on motion of plaintiff, struck from complaint name of original plaintiff and remitted one-half the damages returned by the jury in their verdict, and then overruled the motions and entered judgment for the new amount. *Held,* that this was error, being an invasion of the province of the jury.

*3.  Parties Plaintiff—Amendment—Original Party Cannot be Stricken Out.*

Where, after the commencement of the action, a new party plaintiff was joined by amendment, the original party cannot be afterward stricken out by a subsequent amendment.

*4.  Judgment—Must be Joint Where Verdict Joint.*

Where a joint verdict is rendered in an action for slander brought by plaintiff and his brother, a judgment based thereon, in favor of plaintiff's brother alone was erroneous; for where a verdict is joint the judgment must be joint, and a several judgment must be rendered upon a several verdict.

*5.  Judgment—Default, Must be on Original Complaint.*

On default by the defendant in an action for slander a judgment was rendered thereon upon the complaint as amended after the issuance and service of summons. *Held,* this was error, for a judgment by default can only be rendered upon the original complaint.

Appeal from the United States court for the Northern district.

WILLIAM M. SPRINGER, Judge.

Action of slander by W. M. Collier and J. N. Collier against J. E. Brooks. Judgment in favor of plaintiff, J. N. Collier. Defendant appeals. Reversed.

This was originally an action for slander brought by appellee W. M. Collier agaist the appellant, J. E. Brooks, in the United States court for the Northern district of the Indian Territory, at the December term, 1897; Hon. William M. Springer, judge presiding. On the 16th day of November, 1897, the plaintiff W. M. Collier, one of the appellees here, filed his complaint, as follows:

"W. M. Collier vs J. E. Brooks. Suit for slander, $5,000. Now comes the complainant, W. M. Collier, and states that he is a citizen of the United States, and resides in the Northern judicial district of Indian Territory, and defendant is a United States citizen, and resides in the same district and territory. Section 1. And, claiming against defendant, J. E. Brooks, would respectfully state that in the beginning of year of 1897 defendant, without any provocation or excuse or cause, did willfully and maliciously slander him, by calling him names calculated to hurt and injure him in both his good name and in business; said defendant, Brooks, having gone around and over the country and community tributary to Calvin, Ind. T., and around complainant's home, calling him a cattle thief and hog thief, and by slandering him in various other ways. And defendant stated to old man Terry and to others that complainant was a damned cow thief and stole cattle in the Chickasaw Nation, and that was the reason why the com-

plainant afterwards left said Chickasaw Nation. Sec. 2. And upon another occasion, in a conversation with old man Leeder, defendant stated that complainant was a damned hog thief, and had stolen all hogs on Deep Ford river, former residence of complainant. Sec. 3. And representing further, would state that defendant has made same statements alleged above to every man in and around complainant's home, with malicious and willful intention of injuring complainant. And by virtue of said above alleged remarks, and other statements equally as hurtful, complainant has been damaged irreparably. And, by virtue of said statements above having been made about complainant, he was then unable to obtain land, or a place upon which to locate; said Brooks having gone to each and every landlord and made such statements as heretofore set out in the complaint, thereby damaging complainant in the sum of $200. And, in view of such, complainant could not obtain credit from any one, and could not obtain recognition anywhere in the community. Complainant would furthermore allege that he is a married man, and was at the time defendant slandered him, and by virtue of such slanderous words having been spoken about him, [they] his family were ostracised from every one. Said defendant, Brooks, having made same remarks as above stated about complainant's brother, and still continues to malign and slander complainant, without cause or provocation. And complainant herewith denies each and every statement set out in this complaint, made against complainant by defendant, Brooks. Wherefore, premises considered, complainant prays judgment of court for the sum of $5,000 as damages, and for other, $200, and proper relief. W. M. Collier, by Eck Brook, Att'y for Comp't."

On the 11th day of December, 1897, the defendant (appellant here) filed the following motion and demurrer:

"Comes now the defendant J. E. Brooks, and moves the court to require the plaintiff, W. M. Collier, to swear to his complaint filed herein. The defendant, without waiving his rights in the foregoing motion, demurs to the complaint filed herein for the reason that same does not state facts sufficient to constitute a cause of action. J. S. Arnote, Def't's Att'y."

On the 14th day of July, 1898, the other appellee, J. N. Collier, filed the following motion:

"Now comes J. N. Collier, brother of complainant in the above-styled case, and asks that he be made joint plaintiff with his brother in the prosecution of said suit, as the same statements and remarks made by Brooks against Wm. Collier, and as set out in the original complaint, were made against J. N. Collier also. J. N. Collier, by Eck E. Brook, Att'y for Comp'ts."

On the 3rd day of October, 1898, being one of the regular days of the May, 1898, term of said court, the following proceedings were had:

"Comes the plaintiffs, by their attorney, and in person; and the defendant comes not, either in person or by attorney. The demurrer to the complaint herein comes on to be heard, and is by the court overruled. Whereupon it is ordered that a jury come to try this cause, and comes a jury of twelve good and lawful men, who are impaneled to try this case. The jury, after hearing the evidence and the instructions of the court, retire to make up their verdict, and after due deliberation return the following verdict: 'We, the jury in the above-entitled case, being duly impaneled, do find from the law and the evidence the issues in favor of the plaintiff, and assess their damages at the sum

of five hundred dollars. G. H. Alexander, Foreman.'
Whereupon the jury were discharged from the further con-
sideration of this case."

On October 6, 1898, the appellant filed the following
motion for a new trial:

"Comes the defendant, and moves the court to set
aside the verdict and grant a new trial in this cause, and
for reasons says: That the trial was a surprise to him, in
this to wit: He employed J. S. Arnote, attorney at law, re-
siding at South McAlester, Ind. T., to defend said suit for
him. That said attorney filed a demurrer to the complaint
in said cause, which said demurrer had not been passed up-
on or called up until the case was called for trial. That his
said attorney, J. S. Arnote, had arranged with A. Kinney,
Esq., of the Muskogee bar, to advise him when said demur-
rer was passed upon, and, if adversely, to file an answer
prepared by said attorney and sent to Mr. Kinney, and that
Mr. Kinney would advise his said attorney when said ac-
tion was taken. That his said attorney had no knowledge
or information that said demurrer was passed upon until the
day the case was tried, when he was advised by wire that
the case was called and demurrer overruled, when it was
too late for him to reach the court before the verdict was
rendered. That said attorney believed, from the course of
practice, that he would have ample time to appear, file the
answer already prepared, and to go into the trial of the
case. That said answer denied each and every material
allegation of the complaint, and especially as required by
law. That he had regularly employed said attorney; had
gone to considerable expense in the preparation of his case,
which he intended to defend, and he believes successfully.
That he will file a good and sufficient answer at once, if the
opportunity is allowed him to do so, and will go into the

trial of the case at such time as the court may designate. And he states further that his attorney is advised that the attorney for plaintiffs stated to A. Kinney., Esq. that the defendant did not intend to interpose any defense, and that this statement, which was not true, induced said Kinney to keep silent and remain away from court when called; and the defendant assigns this as an additional reason to support his motion for new trial. And the defendant states further that he is advised that the plaintiff Wm. Collier, who brought the suit, was not present at the trial, and there was no sufficient evidence to support the verdict. J. S. Arnote & Geo. E. Nelson, Atty's for Def't. J. S. Arnote."

And on the same day appellant filed the following motion in arrest of judgment.

"Comes the defendant, and moves the court to arrest judgment in the above-etitled cause because it appears from the records and files of the court that the verdict was rendered in favor of the plaintiffs, and not in favor of the plaintiff Wm. Collier, who brought the suit, and to whose complaint the defendant had demurred. It appears from a paper on file called an 'amended complaint,' filed in vacation on July 14, 1898, that J. N. Collier was also intended to be made a party plaintiff to the suit; but it does not appear that the court ever allowed said amendment, or that the defendant was ever called upon or allowed an opportunity to answer said amended complaint. And said defendant says that no such amendment would have ever been allowed by the court, because there can be no joinder of plaintiffs in an action of slander. And for further ground defendant alleges that after the demurrer was overruled it does not appear that the defendant was given an opportunity to plead over, or that any issue of fact was left for the jury to try. J. S. Arnote and Geo. E. Nelson, Atty's for Def't."

On October 10, 1898, the following proceedings were had:

"Come the plaintiffs, by their attorney, and ask leave of the court to strike from the complaint the name of W. M. Collier, one of the plaintiffs, and to remit the sum of $250 of the verdict of the jury in this case, which leave is granted, and it is ordered that the name of W. M. Collier be stricken from the complaint in this case, and that $250 of the verdict be remitted. To which action of the court the defendant at the time excepted. Now comes on to be heard the motion in arrest of judgment and motion for new trial herein, which said motions are by the court overruled, to which the defendant at the time excepted in open court. It is therefore considered, ordered, and adjudged that the plaintiff J. N. Collier do have and recover of the defendant, J. E. Brooks, the sum of two hundred and fifty dollars and cost of suit, and that execution may issue therefor. To which action of the court in rendering said judgment the defendant at the time duly excepted."

On the 11th day of October, 1898, the appellant filed the following bill of exceptions:

"Be it remembered that this cause coming on for hearing upon the motion in arrest of judgment and motion for a new trial, and the defendant reading the motion for new trial as follows: * * * And after argument by counsel for plaintiff and defendant the court announced that he would sustain the said motion unless the plaintiff would ask to amend the complaint and strike out the name of one plaintiff, when he would order the verdict amended so as to be in favor of the remaining plaintiff, J. N. Collier, for the sum of two hundred and fifty dollars, and enter judgment for that amount. Whereupon the plain-

tiff's attorney asked leave to strike out the name of W. M. Collier, to which the defendant, by his attorney objected, but the court overruled the objection and allowed the amendment to be made, to which the defendant excepted; and thereupon the court overruled the motion in arrest of judgment and the motion for a new trial, to which the defendant excepted, and entered judgment in favor of the plaintiff J. N. Collier for the sum of two hundred and fifty dollars, and to which the defendant also excepted. And the defendant prays the court to sign and seal this, his bill of exceptions, which is accordingly done this, the———day of October, A. D. 1898. Wm. M. Springer, Judge United States Court, in Indian Territory, Northern District.

"The above bill of exceptions is correct. Eck E. Brook, Att'y for Plaintiff."

*J. S. Arnote* and *George E. Nelson*, for appellant.

*Eck. E. Brook*, for appellees.

THOMAS, J. While no specific assigment of errors has been made in this case, the appellant's contention is made clear by his brief filed herein.

The first error complained of is that there could not be a joinder of two or more plaintiffs in an action for slander, like this; that in fact there was no joinder of plaintiffs by consent of the court. The record shows that in reply to appellant's motion for a rule on appellee W. M. Collier to swear to the complaint, and appellant's demurrer to appellee W. M. Collier's complaint, appellee J. N. Collier filed a motion for leave to become joint plaintiff with his brother, W. M. Collier, alleging that the facts complained of by W. M. Collier and set forth in his complaint were also made

against him. This motion was not acted upon by the court. If the petition or motion of J. N. Collier was not acted on by the court, and leave given by the court for him to become a party plaintiff to the suit, then he was not in fact or in law a party plaintiff to the suit, and his rights or wrongs could not be inquired into either by the court or the jury. If the court regard the petition or motion as granted, and the two brothers as joint plaintiffs, then the demurrer to the complaint should have been sustained. There can be, from the very nature of things, no joint damage to the character of individuals. A corporation may be slandered, or possibly the good name of a partnership, where the slander is directed against the corporation or partnership as such. But a corporation manifestly could not sue for a wrong done to a stockholder or director, nor could a partnership sue and recover for damage done to an individual member thereof. And we submit that, even in a proper case for a corporation or a partnership to bring such a suit, the damages could not be divided per capita among the stockholders or the members of the partnership without doing violence to the cardinal principle that profits are to be divided as the interests of the parties appear. How could a court or jury determine the amount of damages sustained by each and both of the plaintiffs jointly? We know that the temperament and character of persons capable of being injured are as diverse as the color and value of diamonds; that a slander which would crush a weak, highly sensitive man would fall harmless at the feet of a strong, self-reliant one. The overruling of the demurrer to the complaint was manifest error.

*Misjoinder of Parties.*

The court below, after overruling appellant's demurrer to appellees' complaint, without disposing of the motion to require appellees to make their complaint more definite and certain, and without allowing appellant an opportunity

to reply, impaneled a jury and proceeded with the trial. The jury returned a verdict for appellees for $500 damages, whereupon the appellant filed his motion for a new trial and a motion in arrest of judgment. With these motions undisposed of, the court, on the motion of the plaintiff, struck from the complaint the name of the original plaintiff, W. M. Collier, and remitted $250 of the damages returned by the jury in their verdict, to which action of the court the appellant excepted. The court then overruled the motion for a new trial and the motion in arrest of judgment, and entered judgment for appellee J. N. Collier for $250 and costs, to which the appellant excepted. A judge cannot, under the disguise of amending a verdict, invade the exclusive province of the jury, and thereby substitute his estimate of the damages and verdict for theirs. Thomp. Trials, § 2642. After a new plaintiff is added by amendment, the original plaintiff cannot be stricken out by subsequent amendment. 17 Am. & Eng. Enc. Law, 619; Berry vs Ferguson, 58 Ala. 314; Leaird vs Moore, 27 Ala. 326. Where the verdict is joint, the judgment must be joint; where several, the judgment must be several. Allen vs State, 34 Tex. 230; Stewart vs Pruett, 6 La. Ann. 727; 11 Enc. Pl. & Prac. 907. In this case the verdict was joint, while the judgment was for a single plaintiff; and that, too, for the plantiff brought in by the supposed amendment. A judgment by default must be upon the original complaint, and not controlled by amendments, made after summons. The power vested in the courts to amend proceedings so as to meet the ends of justice contemplates trials in the presence of the parties, but does not extent the judgment by default against absent defendants. State vs Railroad Co., 16 Fla. 708; 11 Enc. Pl & Prac. 874.

*Amendment of Verdict by Court.*

*Default Judgment on Amended Complaint.*

Each of the errors assigned are to be found in the record. For this reason, and upon the authorities cited, we

are of opinion that the judgment of the court below should be reversed and remanded, with direction that the cause be dismissed.    Reversed and dismissed.

CLAYTON, C. J. and TOWNSEND and GILL, JJ., concur.