# Garrison *v.* Glass.

### *Action for Breach of Contract.*

1. *Pleading and practice; when actions consolidated by order of court.*—When several actions are pending at the same time in the same court between the same parties for alleged breaches of the same continuous or unrescinded contract, they may, under the statute (Code, § 3318), be consolidated by order of the court.

2. *Contract for sale; stipulation for forfeiture for benefit of vendor may be waived.*—A stipulation in a contract for the sale of land or interests in land, providing for the forfeiture of a contract if the purchase money is not paid as it becomes due, is the reservation for the benefit of the vendor and may be waived by him; and it is waived by his seeking to enforce the payment of the purchase money by bringing an action for the breach of the contract.

3. *Pleading and practice; estoppel should be specially pleaded and should not be set up by demurrer.*—Estoppels *in pais* should be specially pleaded; and matters of estoppel arising *dehors* a special plea, can not be set up by demurrer, but must be interposed by replication to the plea.

4. *Action upon a contract; when evidence as to value inadmissible.* In an action brought upon a contract, where the plaintiff seeks a recovery alone for the contract price of timber sold

[Garrison v. Glass.]

by said contract, the value of the timber on the land at the time of the sale is irrelevant to any issue involved, and testimony as to such value is inadmissible.

5. *Same;· admissibility of evidence as to survey of land.*—In an action for the breach of a contract, wherein it was stipulated that the lands upon which the timber was sold was to be ascertained by a survey, it is competent for the plaintiff to introduce as a witness a civil engineer who had made a survey of the lands upon whicu the timber in question was situated, and upon his testifying to the correctness of the plat or map made by him, the same can be introduced in evidence; such testimony and the plat or map not being dependent for its competency as evidence upon a compliance with the statute regulating the manner of making an official survey. (Code, § 3895).

6. *Evidence; when proof of title need not be made by deed.*—Where, in the trial of a civil case, the ownership of land is collateral or incidental to the issues being tried, it is not necessary that such ownership be proved by deed; but the same can be proved by parol evidence.

7. *Action upon a contract; when burden is not on plaintiff to prove execution of same.*—In an action upon a contract which is set out in a complaint *in haec verba*, and there is no plea of *non est factum* interposed, the burden is not upon the plaintiff of proving the execution of said contract, which is the foundation of the suit.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

In the present suit, the appellee, P. B. Glass, sought to recover from J E. Garrison, an amount alleged to be due under a contract by which the plaintiff sold to the defendant the·pine timber upon certain lands. The contract is set forth *in haec verba* in the complaint, and it recites that for $2.50 per acre, P. B. Glass "grants, bargains, sells and conveys all his right, title and interest in all the pine timber in the original forest, as will be shown by survey, situated in" certain specifically described lands. It is further recited in said contract that the $25 cash paid was a part of the purchase money; that one-half of the balance of said purchase money was to be paid in six months and the remainder of said purchase money was to be paid in twelve months from the

33

date of the agreement; and the following stipulation was also contained in the contract: "It is further agreed that if the said J. E. Garrison fails or refuses to pay all of said purchase money within said time above specified, then said contract is forfeited." There were originally two suits brought upon this contract; one of them instituted on the second day of April, 1902, seeking to recover one-half of the balance of the purchase money which was due within the six months; and the other instituted on October 14, 1902, seeking to recover the balance of the purchase money stipulated to be paid within twelve months from the date of the contract.

To the second suit the defendant interposed the plea in abatement, setting up the pendency of the former suit. When the first suit was called for trial, the court, upon the motion of the plaintiff, consolidated the two causes. The defendant objected to the consolidation upon the ground that he had filed a plea in abatement to the second suit, setting up the pendency of the first. The court overruled the objection, and the defendant excepted.

The defendant demurred to each of the counts of the complaint, upon the ground that it was shown by each of said counts that the contract sued upon had been forfeited as to both parties. The court overruled the demurrer to the counts of the complaint, and the defendant separately excepted.

The defendant pleaded the general issue and several special pleas, setting up a want of consideration and that the contract was procured by fraud and misrepresentation, in that the plaintiff stated to the defendant that the timber on the lands as sold by plaintiff was as good as the timber on the land of one Kimbrough which was purchased by the defendant, and that this representation was false. The plaintiff's demurrers to several of the pleas were sustained, but it is not deemed necessary to set them out in detail.

The cause was tried upon issue joined on the pleas of the general issue, want of consideration and fraud. The plaintiff propounded interrogatories to the defendant under the statute. In the defendant's answer to the interrogatories there were contained the following state-

ments: "The sale for timber at that time, the contract, was fraudulent, because there was very little timber on the land, and the contract was made on representation from Glass without my seeing it at all; and after I did go over and see the timber, I notified him that I would not carry out the contract at all; because there was no timber to amount to but very little." The plaintiff moved to strike from the deposition of the defendant the statement above copied, because such statement was not called for by plaintiff's interrogatory. The court sustained the motion, and the defendant duly excepted.

When the plaintiff offered in evidence the contract sued upon, the defendant objected to its introduction in evidence, because it shows upon its face that it has been forfeited as to both parties, and because it shows that it was void. The court overruled the objection, allowed the contract to be introduced in evidence, and to this ruling the defendant duly excepted.

The plaintiff introduced as a witness one J. B. Jones, who testified that he was a civil engineer and had been county surveyor of Marengo county. Plaintiff then asked the witness if he had surveyed the pine timber in the original forest on the lands described in the contract between plaintiff and the defendant, setting out in the question a description of the lands. The defendant objected to the question, upon the grounds: 1. It is not shown that Jones was county surveyor. 2. It is not shown that Jones made a legal survey. 3. It is not shown that Jones attempted to make a legal survey. The court overruled the defendant's objection and the defendant duly excepted. The witness answered that he had surveyed all the pine timber in the original forest on said lands as described in the contract, and testified as to how the survey was made, and that he had made a map showing said survey, and the number of acres covered by pine timber. The defendant moved to exclude the testimony of the witness Jones, upon the same grounds upon which objection to the question was based, and duly excepted to the court overruling his motion. Upon the plaintiff offering to introduce the map made by said Jones, the defendant objected upon the same

grounds, and duly excepted to the court overruling his objection.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentleman of the jury, that if you believe the evidence, you must find for the defendant." (2.) "If the jury believe from the evidence that the contract made by the plaintiff and defendant in which is embraced the land in question in this suit was a contract of sale of timber lands, and you further believe that said contract was not signed by plaintiff's wife, then you must find for the defendant." (4.) "I charge you, gentlemen of the jury, that it is incumbent upon the plaintiff to show that defendant executed the contract, and that there was one hundred and thirty-four acres of timber land in said tract of land, and that defendant failed to pay the purchase price for the timber." (5.) "I charge you, gentlemen of the jury, that if you believe from the evidence that plaintiff and defendant misunderstood each as to the consideration of said contract, you must find for the defendant."

There verdict and judgment for the plaintiff. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MILLER & HERBERT, for appellant, cited *Ins. Co. v. Bledsoe,* 52 Ala. 551; *Pollak v. Gantt,* 69 Ala. 373; *Burk v. Hubbard,* 69 Ala. 379; *Humes v. Bernstein,* 72 Ala. 546; *Southern Railway Co. v. Hubbard,* 116 Ala. 388; *Home Protection v. Avery,* 85 Ala. 351.

WILLIAM CUNNINGHAME, *contra.*—The contract sued on was not forfeited *in toto.* "A stiuplation in a contract for sale of land that if the purchase money is not paid at maturity, the vendee forfeits the purchase, is a reservation for the benefit of the vendor, which he may waive; and is waived by acceptance of part of the purchase money before it is due, and a transfer of the remainder of it."—*Lowery v. Peterson,* 75 Ala. 109; *Andrews v. Tucker,* 127 Ala. 602.

[Garrison v. Glass.]

The contract was properly admitted in evidence. *Thornton v. Savage,* 120 Ala. 449; Code of 1896, § 1801; *Lowery v. Peterson,* 75 Ala. 109; *Andrew v. Tucker,* 127 Ala. 602.

Jones' testimony was properly admitted. The contract sued on did not require that the survey should be made by the county surveyor. The plat made by Jones was offered without objection and was clearly admissible.—*Hess v. Rudder,* 117 Ala. 525; *Humes v. Bernstein,* 72 Ala. 546.

TYSON, J.—The order made by the court consolidating the two causes was entirely proper.—Section 3318 of the Code; *Berry v. Ferguson,* 58 Ala. 314; *Wilkinson v. Black,* 80 Ala. 329.

The first count in each of the complaints set forth *in haec verba* the contract between the parties. By its terms the defendant obligated himself unconditionally to pay to plaintiff one-half of the balance of the purchase money for the timber within six months from the date of the contract, and the remainder of said purchase money within twelve months. The first of these actions was brought for the installment first maturing and the second action for the last installment. The contract contains the further stipulation that if the defendant fails or refuses to pay all of the said purchase money within the time specified, then said contract is forfeited. The theory of the defense is that this clause, the defendant having failed to pay, worked an entire forfeiture of the contract, and relieved him of all liability thereon. And the demurrer to these counts of the complaint, which was overruled, proceeded upon this theory. The clause under consideration was a reservation for the benefit of the plaintiff, the vendor, which he may have waived or enforced.—*Lowery v. Peterson,* 75 Ala. 109. He elected to waive it by seeking to enforce the payment of the purchase price by bringing his action. This he had a right to do. The demurrer was properly overruled.

We have been unable to find an interrogatory to which the answer, that was stricken, was responsive.

There was, therefore, no error in the ruling of the court in this resect.—*First National Bank v. Leland*, 122 Ala. 289. We do not understand that a defendant to whom interrogatories are propounded under the statute (section 1850 of the Code) has the right to inject into his answer matter not called for, and when he does the plaintiff certainly has the right to have them eliminated. If this was not the rule, the party to whom interrogatories are propounded could in nearly every instance defeat the purposes of the statute and deprive the opposite party of its benefit. Self-serving statements, uncalled for, are no part of the deposition unless the party offering the deposition makes them so. Each of the counts of the complaint upon which the case was tried declared upon the special contract, above referred to, in which the price of the timber was fixed.

In other words, the plaintiff sought a recovery alone for the contract price of the timber. There is no count in the complaint for goods, wares, etc., sold. The defenses were want of consideration, failure of consideration and fraud inducing the making of the contract.

Under these issues we are unable to see the relevancy of the question propounded, on cross-examination, to witness Glass, "what was the value of the timber on the land per acre, that he sold defendant, at the time of the sale?" The objection interposed to the testimony of witness Jones, proceeded on the theory that his survey was incompetent as evidence because not made in pursuance of the provisions of the statute, section 3895 of the Code. Had the plat made by him been offered as an official survey and an objection interposed to its introduction, the point might have been well taken. But the plat was not so offered, and besides there was no objection to its introduction. The objections that were made went to the testimony of Jones, which was clearly not subject to any one of them.—*Hess v. Rudder*, 117 Ala. 529.

In view of the testimony offered by defendant tending to show that the plat or survey of the timbered land included some open lands, it was entirely proper for the

plaintiff in rebuttal to show that this open land was not a part of the Glass tract, and that it was occupied by one Hollis and in fact belonged to him. Being a collateral or incidental matter, it was not necessary that Hollis' ownership be shown by deed.—3 Mayfield's Dig. 460, § 482,*et seq.*

The evidence clearly afforded adverse inference upon every issue of fact presented by the pleadings. The affirmative charge requested by the defendant was, therefore, properly refused.—2 Mayfield's Dig., 561, § 17.

Charge 4 imposed the burden on the plaintiff of proving the execution of the contract, the foundation of the suit. No such burden existed, as no plea of *non est factum* was interposed. The other written charges refused to defendant are not insisted upon. We have considered every point insisted upon in argument and find no error in the record.

Affirmed.