RICHARD R. WRIGHT ET AL. *v.* AFRO-AMERICAN COMPANY.

*Action for Libel—Misjoinder.*

If a libel is published against several persons, they must sue separately and not jointly, for the reason that the wrong done one may be totally different from that done another, and the damages suffered by one cannot be made to determine the proper measure to be awarded the other; the measure of damages in any case being dependent upon the injury occasioned the particular individual.                                      p. 593

The damages which a partnership can recover in an action of libel are confined to the injury done the partnership business, and do not include damages for the wounded feelings of the individual partners, and consequently it is not permissible for the partners to sue in one such action for the damages to them as partners and also as separate individuals.          pp. 591-593

*Decided March 3rd, 1927.*

Appeal from the Superior Court of Baltimore City (STEIN, J.).

Action by Richard R. Wright, Sr., Richard R. Wright, Jr., and Lillian M. Wright, individually and as co-partners,

trading as the Citizens and Southern Banking Company, against the Afro-American Company. From a judgment entered on demurrer in favor of defendant, for costs, plaintiffs appeal. Affirmed.

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*W. Ashbie Hawkins,* for the appellants.

*Warner T. McGuinn,* for the appellee.

DIGGES, J., delivered the opinion of the Court.

The question that we are asked to determine in this case is the correctness of the lower court's ruling in sustaining a demurrer to the appellant's amended declaration. The declaration was filed by Richard R. Wright, Sr., Richard R. Wright, Jr., and Lillian M. Wright, individually and as co-partners, trading as the Citizens and Southern Banking Company, against The Afro-American Company, a body corporate. It alleges that the defendant owns and publishes a weekly newspaper in Baltimore City which circulates throughout the State of Maryland and other nearby states; that the plaintiffs, individually and as a co-partnership, are now and have been for some time past conducting a banking establishment in the City of Philadelphia, Pennsylvania, well known as the Citizens and Southern Banking Company, under a private banker's license, and enjoying the good will and patronage of a large and growing clientele in the City of Philadelphia and elsewhere throughout the country, where its depositors, creditors, and business correspondents reside or conduct their business, with all of whom the plaintiffs, as individuals and as a co-partnership, trading as the Citizens and Southern Banking Company, bore a reputation for safe conservative management, having grown and developed their and its present high standard after careful, honest, and well-directed effort, they and it having in every detail complied with the law. That the defendant corporation, well knowing the premises but contriving wickedly and maliciously, and intending to injure the plaintiffs, individually and as a co-

partnership, trading as the Citizens and Southern Banking Company, in their and its good name, fame, credit, and reputation as a banking institution and to bring them and it into disfavor with their and its clients, patrons, and the public generally, in their and its efforts, activities, and purposes as a business and financial institution, and to oppress, injure, and ruin the plaintiffs, individually and as a co-partnership, did, on the 13th day of June, 1924, in a certain weekly newspaper called "The Afro-American," owned, printed, published, and circulated by the defendant, falsely, wickedly, and maliciously compose, print, and publish, and cause and procure to be widely published and circulated throughout the cities of Baltimore, Philadelphia, Wilmington, New York, Atlantic City, and throughout the states in which these cities are located, and in other cities and states of the United States and beyond its borders, where the said Afro-American newspaper is widely circulated, of and concerning the plaintiffs, individually and as a co-partnership, trading as the Citizens and Southern Banking Company, a certain false, scandalous, malicious, and defamatory libel, containing among other matters and things the false, scandalous, malicious, and libelous matters following, of and concerning the plaintiffs, individually and as a co-partnership, trading as the Citizens and Southern Banking Company. Then follows the alleged libelous article published by the defendant. It is unnecessary for the decision of the question upon which the appeal depends to set forth the article, the publication of which is alleged to constitute a libel, or to refer to it further than to say that under the headlines: "Receiver for Philly Bank; Ask Receiver for Citizens Bank in Phila.," the statement is made that the judge of the Court of Common Pleas of Philadelphia granted a rule on the Citizens Southern Banking and Trust Company to show why receivers should not be appointed to take over the assets of the said trust company for the benefit of the stockholders. The declaration further alleges that the institution referred to, in the headlines and in the explanatory article falling under it, was and is intended to mean the banking institution run by the plaintiffs, individ-

ually and as a co-partnership, trading as the Citizens and Southern Banking Company; that the headlines are not a true or fair statement of the contents of the petition filed in the Philadelphia court, that they are untrue and deceptive and made to deceive the public, and thereby injure the plaintiffs. That by said publication the defendant meant that the plaintiffs individually and as a co-partnership, trading as the Citizens and Southern Banking Company, that they or it had engaged in practices unworthy of a financial institution; that its funds had been recklessly, if not criminally, handled, and their and its affairs were in bad shape; that their and its depositors and creditors were in danger of loss on account of mismanagement of the affairs of the said plaintiffs, individually and as a co-partnership. That the publication was intended to convey and did convey the impression to the public, its depositors, creditors, and correspondents, that the plaintiffs, individually and as a co-partnership, were in financial distress, and that they and it had engaged in practices unworthy of a financial institution; that the funds in their hands, individually and as a co-partnership, had been recklessly, if not criminally, handled, and their and its affairs generally are in bad shape; that their and its depositors and other creditors are in danger of loss on account of such mismanagement, unless the court intervenes by the appointment of receivers. That the plaintiffs, as individuals and as a co-partnership, have been, are now, and will continue to be greatly injured, in their individual capacity and as a co-partnership, trading as the Citizens and Southern Banking Company, in their and its good name, fame, and credit which they and it have heretofore enjoyed; and that it has caused many of their and its depositors to withdraw their accounts, others to become restless and withhold further deposits, and inspired numerous inquiries from creditors and depositors throughout the country demanding full knowledge of the bank's situation, so that the plaintiffs, as individuals and as a co-partnership, on account of the publication of said libel, are seriously injured in their and its business, and have suffered and will suffer a heavy loss in the prosecution thereof.

Wherefore the plaintiffs, individually and as a co-partnership, trading as the Citizens and Southern Banking Company, bring this suit and claim $100,000 damages.

To this declaration the defendant demurred, which demurrer was sustained with leave to amend. The plaintiffs declined to amend, and judgment was entered on the demurrer for the defendant for costs.

The principal question raised by the demurrer is the alleged misjoinder of plaintiffs. The lower court held that there was a misjoinder of plaintiffs, and for that reason held the declaration bad. We are unable to find any error in this ruling. The general rule on the subject of proper parties plaintiff in actions of libel and slander is stated in 18 *Am. & Eng. Encyc. of Law,* 1055: "The general rule in the United States is that where several persons, who are not partners and have no community of pecuniary interest wherein they could sustain damage, are injured by the same libel or slander, each must pursue his remedy therefor separately; they cannot maintain a joint action."

In the case now before us the parties plaintiff are three persons as individuals, and the same persons as co-partners trading as the Citizens and Southern Banking Company. We have, then, a suit for libel in which there are combined as parties plaintiff three individuals and a co-partnership. All of the authorities, so far as we are aware, agree that this cannot be done. The rule is correctly and forcefully stated in 1 *Poe, Pl. & Pr.,* sec. 425, wherein the author states: "The general rule in actions of torts is that only those persons can be made co-plaintiffs who have jointly sustained the injury, and who are consequently entitled to share in the damages. The application of this rule may be made more intelligible by considering it in its bearing upon the two several classes of torts, viz: injuries to the person, including wrongs to character, and injuries to property, real and personal. As in the first of these classes of cases, the injury is necessarily a separate one to each of the parties complaining, there can be no joinder of plaintiffs, but each indi-

vidual should bring a separate action for his particular grievance. Thus, where two or more persons are injured by an assault and battery, or a malicious prosecution, or false imprisonment, or by slander or libel, it is error for them to unite as co-plaintiffs in an action against the wrongdoer. From the very nature of the wrong it must, of necessity, be a separate and distinct one to each, entitling each to separate compensation for his peculiar damage; for the wrong done to the one is no wrong at all to the other, and the extent of damage done to the one may be wholly different from that done to the other."

There are two recognized exceptions to the general rule, as stated by the authorities; the first being actions brought by partners jointly to recover damages for injury to their partnership business or credit, or where the wrong had been the occasion of some joint expense to the partnership; and the second exception relates to injury done to the joint property. In none of the cases embraced within the exceptions were the plaintiffs permitted to recover damages for their personal injury or for wounded feelings, but the actions were sustained to the extent of the joint damage and no further. The authority above quoted goes on to say: "For the separate injury done to each, including his personal suffering, individual inconvenience, loss of credit, or wounded feelings, separate suits are required. In these two classes of suits, therefore, the damages are restricted according to the character of the action. If the suit is by the partners jointly, the damages which the jury may award will be limited to the injury done to the joint business, including any expenses to which, as partners, they may have been subjected. But if, on the other hand, the suits are by the several partners separately, each will recover in proportion to the injury sustained by him individually; the measure of damages being the ordinary one in actions for such personal wrongs." And again, in section 429 of the same work, it is said: "Upon the whole, * * * it may be stated as the result of the authorities: 1. That persons who have a separate in-

terest, and sustain a separate damage, must sue separately. 2. Persons who have a separate interest, but sustain a joint damage, may sue either jointly or separately in respect thereof, at their election.   3. Persons who have a joint interest must sue jointly for an injury to it."

In *Newell on Slander and Libel* (4th Ed.), p. 342, it is said: "It has always been held that when words are spoken of two or more persons, they cannot join in an action for the words because the wrong done to one is no wrong to the other. * * * For slanderous words spoken at the same time against several parties, a joint action cannot be maintained; each much seek a separate remedy."   See also *Hinkle v. Davenport,* 38 Iowa, 355; *Robinette v. McDonald,* 65 Cal. 611; *Hart v. Crow,* 7 Blackf. (Ind.), 351; *Gazynski v. Colburn,* 11 Cush. (65 Mass.) 10; *Brooks v. Collier,* 73 Ind. T. 468, 58 S. W. 559; *Smart v. Blanchard,* 42 N. H. 137; *McLean v. New York Press Co.,* 64 Hun. 639, 19 N. Y. Supp. 262; *Chandler v. Holloway,* 4 Port. (Ala.) 17; *Wilson v. Sun Pub. Co.,* 85 Wash. 503; *Donaghue v. Gaffy,* 53 Conn. 43; 37 *C. J.,* p. 19, sec. 321.   Upon these authorities it is clear that if a libel is published against several persons, they must sue separately and not jointly, for the reason that the wrong done one may be totally different from that done another, and the damages suffered by one cannot be made to determine the proper measure to be awarded the other; the measure of damages in any case being dependent upon the injury occasioned the particular individual.   That is, the same words spoken or written in respect to a number of individuals would not necessarily result in equal injury to all.   The damages for which a partnership can recover in an action of libel are confined to the injury done the partnership business.   In such a case it would be improper to render a verdict which included damages for the wounded feelings of the individual partners.   Therefore, it is not permissible to join as plaintiffs an individual and a partnership. For the reasons stated, the judgment must be affirmed.

*Judgment affirmed, with costs.*