## MORIN et al. v. HOUSTON PRESS CO. et al.

### No. 3490.

Court of Civil Appeals of Texas. El Paso.

March 25, 1937.

Rehearing Denied April 15, 1937.

1088

1090

Elbert Roberts, of Houston, for appellants.

Fulbright, Crooker & Freeman, W. B. Bates, and Paul Strong, all of Houston, for appellees.

HIGGINS, Justice (after stating the case as above).

The court correctly held that any right of action by Maes individually, arising out of the publications in January, March, and April, 1934, were barred by the one-year statute of limitations. Article 5524, R.S.

■ The partnership right of action declared upon in the original and first amended petitions was separated from the individual right of action of Maes. Slaughter v. American B. P. Society (Tex.Civ. App.) 150 S.W. 224; Wright v. Afro-

American Co., 152 Md. 587, 137 A. 273, 52 A.L.R. 908, and note.

■ Maes, in his individual capacity, did not become a party to the litigation until the second amended petition was filed April 30, 1935. Not until then was any suit commenced by him individually, and as to the publications mentioned, his right of action was then barred. Morales v. Fisk, 66 Tex. 189, 18 S.W. 495; Telfener v. Dillard, 70 Tex. 139, 7 S.W. 847; Baker v. Gulf, C. & S. F. Ry. Co. (Tex. Civ.App.) 184 S.W. 257.

Nor did the court err in refusing to submit any issue regarding the publications in the month of August.

Mr. Maes was a candidate for justice of the peace, in Harris county, at the first primary held in July, 1934. Mr. Maes and Judge Overstreet got into the run-off. The second primary was held August 25. The run-off campaign took place between these two primaries. The testimony of the plaintiffs W. R. Morin and Thomas M. Maes shows there were many political gatherings in the interval between the two primaries, at which gatherings the candidates themselves or speakers in their behalf spoke, and to which gatherings the public generally was invited, and were present; that the five articles in August were reports of what was said and done at some of these political meetings; that the parts of these articles declared on were quotations from speakers who spoke at these rallies in behalf of the candidates; that they (plaintiffs) do not deny that the actual happenings were correctly reported or that the speakers were correctly quoted.

There is no testimony that the articles were not fair, true, and impartial accounts of public meetings. These meetings were dealing with public purposes. Nor is there any testimony that such articles were not fair, true, and impartial accounts of statements made and discussion in such meetings.

■ Under the third subdivision of article 5432, R.S., as amended in 1927 (Acts 40th Leg. p. 121, ch. 80, § 2 [Vernon's Ann.Civ.St. art. 5432, subd. 3]) the publications were absolutely privileged, and the trial court properly so held. Houston Press Co. v. Smith (Tex.Civ.App.) 3 S.W. (2d) 900.

■ The failure of the jury to award at least nominal damages to the plaintiffs Morin and the partnership of Morin &

Maes upon the findings made is not reversible error. In cases of this nature a judgment will not be reversed and a new trial awarded merely because the jury failed to award nominal damages which should have been awarded. 37 C.J. p. 112, § 559; Von Schoech v. Herald News Co. (Tex.Civ.App.) 237 S.W. 651; Cresson v. Wortham-Carter Pub. Co. (Tex.Civ.App.) 248 S.W. 1077; Major v. Hefley-Coleman Co. (Tex.Civ.App.) 164 S.W. 445; Mitchell v. Heard (Tex.Civ.App.) 98 S.W. (2d) 832.

There is no conflict in the findings made by the jury, nor any reversible error shown by the numerous other assignments and propositions submitted in appellants' brief raising questions other than those above noted. It is unnecessary to separately discuss the same, and to do so would unduly lengthen this opinion.

The judgment is affirmed.