SMITH *et al. v.* ARCHER *et al.*

*(Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

MINTER, McLELLAN & TIPTON, of Kingsport, for plaintiffs in error.

GRIMM, TAPP & CARSON, of Knoxville, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal in error by the plaintiffs below from the action of the Court in sustaining each of the grounds of defendants' motion to dismiss each of the counts of plaintiffs' declaration, and thereby dismissing their suit. The purpose of the suit, and as stated in each count, is to recover damages for an alleged libel. One of the reasons assigned in support of defendants' motion to dismiss is that in each count "there is a misjoinder of parties plaintiff".

The plaintiffs are "Jerry Smith and N. A. Johnson, Individually and as President and Secretary-Treasurer, and on behalf of the Class of Persons constituting Knoxville Printing Pressmen and Assistants' Union No. 118, a Local Labor Union". The newspaper publication upon which the action is based is:

"I realize that what I am doing is hardly a drop in the bucket and may not wake up a single person, but I must protest in this way an attempt to apply extortionate pressure to me without even using the clearly outlined and fair way set up to obtain an election. This smacks of Socialism and Communism in its tactics, and I will not submit to it."

This publication referred to some action of the plaintiff labor union of which plaintiffs Smith and Johnson were President and Secretary-Treasurer, respectively.

It is alleged in each count that "plaintiffs Smith and Johnson" "at all times material herein" were persons who deservedly enjoyed a fine reputation for morality

and integrity in the community, and were so regarded by the members of this union; that, as representatives of this union, among their duties are the handling of union funds in connection with which they deservedly enjoyed, as was necessary, the confidence of its members to properly account for such funds.

Then it is alleged that the publication in question was calculated to inflame the members of the union and the public generally and thereby to injure these two individuals and "bring them into public scandal and disgrace"; that it charged them of committing an offense denounced by the statutes of Tennessee as one of those felonies, which, upon conviction thereof, deprives the person so convicted of citizenship and of the right to hold office; and in order to "destroy the good name and reputation of" these two individuals this publication charged them with being communists, so to speak, whereby these individuals have suffered injury to their finances and their reputations and have been brought into disrepute in the community and as officers in this union.

Plaintiff local labor union is alleged in the declaration to have been highly respected in Knox County for many years, and to have acquired considerable prestige and good-will through years of honorable dealings; that the publication in question was intended to destroy the good-will, name, prestige and reputation of this Union, and to expose it to hate, contempt, and financial injury, and tended to inflame "the public generally against the union and against No. 118, and to injure them and to bring them into public scandal and disgrace".

Each of the two counts of the declaration then concludes with this statement: "Wherefore, plaintiffs sue the defendants for the sum of $250,000.00 and demand a jury to try the cause."

It is manifest that this is a cause of action in which (1) Jerry Smith, individually, and (2) N. A. Johnson, individually, and (3) Knoxville Printing Pressmen and Assistants' Union No. 118, as an association, each seeks a recovery for the damage said to have been done him or it by this alleged libel. The question thereby presented is whether the three may sue jointly for the alleged libel of each.

██ A careful search of the books upon the question reveals nothing of importance, perhaps, that has not been cited in the well prepared briefs of the parties. The rule which, generally speaking, seems to be applicable is well settled in Tennessee. It is expressed in *Teas* v. *Luff-Bowen Co.*, 147 Tenn. 651, 655, 251 S. W. 44, 46, as follows: " 'To authorize a joinder of causes of action in tort, it is necessary that they each affect all the plaintiffs; hence a joint claim cannot be united with a single one, nor when the same tort affects the several rights of different persons can their cause of action be joined.' " As to the exact tort with which this action is concerned, the text of Dean Gilreath's Edition of Caruthers' History of A Lawsuit, page 52, is as follows:

"But, if the tort be an injury to character or person, as the injury arising from slander, assault and battery, etc., it is difficult to conceive a case of joint right of action. The same slanderous words, which would affect the character of many persons, would give to them no joint right of action, for the law recognizes no joint ownership of character. Each person owns, and must protect, his own character."

Notwithstanding the absence of a Tennessee decision, in so far as we can find, on the facts and plight of this case, it seems on principle that the immediately above

stated rule applicable in Tennessee would require this Court to hold that these plaintiffs cannot sue jointly for this alleged libel of each.

A very logical and convincing discussion of the question is to be found in the Maryland case of *Wright* v. *Afro-American Co.*, 152 Md. 587, 137 A. 273, 274, 52 A. L. R., 908. The case seems to be on all fours with the case at bar in so far as items material to the determination of the immediate question are concerned.

In this Maryland case the Court first called attention to the fact that it is "a suit for libel in which there are combined as parties plaintiff three individuals and a co-partnership," the three individuals being the persons who constituted the partnership. The Court in holding that this was a misjoinder of actions, so, subject to demurrer, said that "all of the authorities, so far as we are aware, agree that this cannot be done." In addition to the many decisions cited by the Court, it quoted from Newell on Slander and Libel as follows: " 'It has always been held that when words are spoken of two or more persons, they cannot join in an action for the words because the wrong done to one is no wrong to the other. * * * For slanderous words spoken at the same time against several parties, a joint action cannot be maintained; each must seek a separate remedy.' "

In stating its conception of the reason for this rule, the Maryland Court said that: " 'From the very nature of the wrong it must, of necessity, be a separate and distinct one to each, entitling each to separate compensation for his peculiar damage; for the wrong done to the one is no wrong at all to the other, and the extent of damage done to the one may be wholly different from that done to the other.' " The truth of that statement cannot be successfully or convincingly challenged.

We conclude that principle, logic, applicable rules of law, textwriters, and persuasive precedent require us to decide that the joinder of these three plaintiffs in this action for libel for their separate injuries is not permissible; hence, that the Trial Court did not err in so holding. Since this in conclusive of the suit, other insistences of the defendants-in-error in support of the Trial Court's action in also sustaining other grounds of the motion to dismiss will not be considered.

Affirmed with costs adjudged against the plaintiffs-in-error and their sureties.